CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
October 22, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **JENNIFER NICHOLE SWIGER,** Plaintiff, | ) | Case No. 1:25CV00063 |
| v. | ) | **OPINION AND ORDER** |
| **FRANK J. BISIGNANO, Commissioner of Social Security,** Defendant. | ) | JUDGE JAMES P. JONES |

*John Osborne Goss, OLINSKY LAW GROUP, Norfolk, Virginia, for Plaintiff; Wanda D. Mason, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Defendant.*

In this social security disability case, I will accept the Report and Recommendation (Report) of the magistrate judge.

I.

The plaintiff challenges the final decision of the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income benefits under the provisions of the Social Security Act (Act). This action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 42-page Report on September 21, 2026, in which she recommended that the court affirm the Commissioner's decision denying

benefits. On October 5, 2026, the plaintiff filed a timely Objection to the Report. The Commissioner has not filed a response to the Objection and accordingly the Objection is ripe for decision.

II.

I must make a de novo determination of the portions of the Report to which the plaintiff objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the administrative law judge ("ALJ") if they are supported by substantial evidence and were reached through application of the correct legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If such evidence exists, my inquiry is terminated, and the Commissioner's final decision must be affirmed. *Id.* But I may not "reflexively rubber-stamp an ALJ's findings." *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (citation omitted).

The plaintiff contends that the Report and Recommendation erred in

concluding substantial evidence exists in the record to support the ALJ's consideration of the opinion evidence, and it erred in failing to consider the total limiting effects of all of Plaintiff's impairments in crafting the residual functional capacity. Pl.'s Objs. R. & R. 1, 3, Dkt. No. 16.

The magistrate judge correctly resolved these arguments in her Report. Judge Sargent correctly determined that the ALJ adequately explained the rationale used in assessing opinion evidence. The ALJ is not required to explicitly refer to every piece of evidence he considered in making his decision. *Reid v. Comm'r*, 769 F.3d 861, 865 (4th Cir. 2014). Judge Sargent also correctly determined that the ALJ appropriately considered the limiting effects of the Plaintiff's impairments. A plaintiff's residual functional capacity is a factual finding made by the ALJ. *Ashley D. v. O'Malley*, 2024 WL 278911, at *3 (W.D. Va. Jan. 25, 2024). I agree with Judge Sargent's determination that "a reasonable mind reviewing the record could reach the same finding as the ALJ, [so] the court should affirm the decision." R. & R. 40, Dkt. No. 18.

Based upon my careful consideration of the plaintiff's objections, the record, and the arguments of counsel, I agree with the magistrate judge that substantial evidence supported the ALJ's findings, and that the ALJ's decision was in accord with relevant case precedent.

III.

Accordingly, it is **ORDERED** as follows:

1. The plaintiff's objections, Dkt. No. 16, are DENIED.
2. The magistrate judge's Report and Recommendation is fully ACCEPTED; and
3. A separate final judgment will be entered herewith.

ENTER: October 22, 2026

/s/ JAMES P. JONES
Senior United States District Judge